UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GERALD FEUCHT, ET AL.

VERSUS

SAFECO INSURANCE COMPANY OF
AMERICA, ET AL.

CIVIL ACTION

NUMBER 11-550-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 30, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GERALD FEUCHT, ET AL.

VERSUS

SAFECO INSURANCE COMPANY OF
AMERICA, ET AL.

CIVIL ACTION

NUMBER 11-550-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Gerald Feucht and Julie Feucht. Record document number 13. The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be denied.

**Background**

Plaintiffs alleged that in April 2008 defendant D & B Insurance Services, Inc., acting though its agents Derek Hailey and Gary Rose (collectively, the "agency defendants"), procured a homeowners insurance policy from defendant Safeco Insurance Company. Plaintiffs renewed the policy through the agency defendants in April 2009 and April 2010. On July 4, 2010, the plaintiffs' home was destroyed in a fire. Plaintiffs alleged that at the time of the loss their home had an estimated value of

---

[1] Record document numbers 19, filed by defendants D & B Insurance Services and Hailey; record document number 20 filed by defendant Safeco.

$1,200,000 but their Safeco policy had dwelling coverage limit of $566,600.

Plaintiffs filed this suit in state court against the agency defendants and Safeco Insurance Company of America. Plaintiffs alleged that the agency defendants breached their contractual obligations and fiduciary duties by failing to take the proper steps to procure sufficient homeowners insurance for the plaintiffs home, which resulted in monetary losses after the fire. Plaintiffs alleged the defendants committed the following specific acts of negligence: (1) failing to communicate with the plaintiffs and/or obtain any information from them regarding the value of their home prior to issuing the policy; (2) failing to inspect the plaintiffs' home to determine an approximate value prior to issuing the policy of insurance; (3) failing to conduct an annual review with the plaintiffs to ensure that they were properly and adequately insured; (4) failing to advise the plaintiffs that they were inadequately insured; (5) failing to see what should have been seen; (6) failing to take proper action to notify the plaintiffs of the dangers of under-insuring their home; and, (7) failing to comply with Louisiana insurance laws and regulations.[2]

Defendant Safeco removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically

---

[2] These alleged acts or omissions will be referred to hereafter by the same numbers.

alleging that the Louisiana citizenship of the agency defendants should be ignored because they were improperly joined.[3] Safeco argued that the plaintiffs' claims against the agency defendants were perempted under LSA-R.S. 9:5606. Defendant also argued that the plaintiffs' claims regarding the agency defendants' failure to inform the plaintiffs that they were underinsured and/or failure to procure adequate coverage were not valid claims under Louisiana law.[4]

Plaintiffs moved to remand arguing that the agency defendants were not improperly joined and the defendants cannot show there is no possibility of establishing a cause of action against them. Specifically, the plaintiffs argued that the agency defendants' committed negligent acts at the time of each policy renewal and that these were separate and distinct acts from the initial policy procurement. Plaintiffs asserted that claims based on these acts are not perempted. In the alternative, the plaintiffs argued they

---

[3] Removing defendants alleged citizenship as follows: the plaintiffs are citizens of Louisiana; defendant Safeco is a corporation organized under the laws of Washington and with its principal place of business in Washington; defendant D & B Insurance Services, Inc. is a domestic insurance producer doing business in the parish of East Baton Rouge, Louisiana, and defendants Hailey and Rose are citizens of Louisiana. Although the citizenship of defendant D & B Insurance Services has not been properly alleged, this deficiency is inconsequential. Record document number 1, Notice of Removal, ¶¶ 8-11.

[4] Defendants D & B Insurance Services and Hailey filed a motion to dismiss. Record document number 10. That motion was removed from the district judge's docket until the court determines whether the case was properly removed. Record document number 11.

3

have claims of fraud against the agency defendants that are exempt from the statutory peremptive period, and they need additional discovery to develop their fraud claims.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d

4

at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

Defendants argued that the plaintiffs claims are perempted under LSA-R.S. 9:5606(A), which states as follows:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Claims of fraud are exempted from these statutory peremptive periods. LSA-R.S. 9:5606(C).

## **Analysis**

A review of the allegations in the petition and the record at

the time of removal demonstrates that the plaintiffs have not alleged any valid claims against the agency defendants. Under the express terms of LSA-R.S. 9:5606(A), regardless of the fact that the plaintiffs sued within one year of discovering their cause of action, any claims involving the initial procurement of the policy are peremped because the policy was issued in April 2008, more than three years prior to filing the petition. These include the claims based on the agency defendants' (1) failure to communicate with the plaintiffs and/or obtain any information from them regarding the value of their home prior the policy being issued and (2) to inspect the plaintiffs' home to determine an approximate value prior to the policy being issued.

With respect to the claims related to the policy renewals, the plaintiffs have not alleged facts which would establish that the agency defendants breached a duty owed to them under Louisiana law. The Louisiana Supreme Court has held that an insurance agent owes a duty of "reasonable diligence" to his customer, which is fulfilled when the agent procures the requested insurance.[5] An insured has a valid claim against the agent when the insured demonstrates that: "1) the insurance agent agreed to procure the insurance; 2) the agent failed to use 'reasonable diligence' in

---

[5] *Isidore Newman School v. J. Everett Eaves, Inc.*, 2009-2161, 42 So.3d 352, 356 (La. 7/6/2010), *citing*, *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728, 730–31 (La. 1973) and *Roger v. Dufrene*, 613 So.2d 947, 949 (La. 1993).

6

attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance and 3) the agent acted in such a way that the client could assume he was insured."[6] Plaintiffs have not shown they requested specific insurance coverage which was not obtained by the agency defendants. The record is devoid of evidence showing that the plaintiffs requested specific policy limits or terms, or requested coverage for the appraised value of their home.

Louisiana law does not impose a duty on an insurance agent to counsel an insured about policy limits or to be sure the insured has adequate coverage.[7] Thus, the plaintiffs' allegations that the agency defendants failed to: (3) conduct an annual review with the

---

[6] *Isidore Newman*, 42 So.3d at 356-57, *citing*, *Karam*, *supra*.

[7] *Kippers v. Lafayette Ins. Co.*, 2008 WL 1774158, 1 (E.D.La. April 16, 2008).
   Plaintiffs' 2010 policy contains a specific notice advising the plaintiffs about their responsibility for the amount of coverage they have:
> Each home is unique. You know your home best. It's your responsibility to make sure you're "fully insured" and "insured to value." That means you need to have enough insurance coverage to rebuild your home and replace all of your personal belongings in the event of total loss.

It further explains that the market value of a home is different from what the replacement cost would be:
> **It's important to know: your home's market value is totally different from what it would cost to reconstruct.** Today's market value reflects economic conditions, taxes, school districts, the market value of land and many other factors that have nothing to do with how much it would cost to reconstruct your home from scratch.

Record document number 20-1, Exhibit A, Feucht Policy (pages) 37-38 (emphasis in original).

plaintiffs to ensure that they were properly and adequately insured; (4) advise the plaintiffs that they were inadequately insured; (5) see what should have been seen; and, (6) take proper action to notify the plaintiffs of the dangers of under-insuring their home do not state a claim under Louisiana tort law. Plaintiffs' claim that the agency defendants failed to (7) comply with Louisiana insurance laws and regulations is vague, conclusory and unsubstantiated.

Equally without merit is the plaintiffs' argument in support of a claim against the agency defendants based on an assurance that the plaintiffs were sufficiently covered for any and all loss at the time of the April 2009 and 2010 renewals. In their affidavits and supporting memorandum the plaintiffs asserted the following:

> Upon receipt of her new policy, she added up her coverage and, based upon her agents' assurances, as well as the total coverage outlined in her policy, she believed her home was adequately insured. ... Gerald Feucht relied on his wife's conversation with their agent confirming that the home was fully covered. He read his policy and was also of the opinion that it was valued well above the $875,000.00 value indicated on the appraisal he provided his agent.[8]

In Louisiana, a duty is imposed on the insured to read and know the insurance policy provisions.[9] Plaintiffs received and

---

[8] Record document number 13, supporting memorandum, p. 8; record document number 13-1, Exhibit 1, Julie Feucht Affidavit; *Id.*, Exhibit 2, Gerald Feucht Affidavit.

[9] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 671 (5th Cir. 2007)

reviewed their renewal policies.  Plaintiffs were thus presumed to have knowledge of and understand the terms of their insurance policy.  The declaration page for the 2010 renewal policy applicable in this case clearly states that the Coverage A – Dwelling limit is $566,600.[10]  This amount is far less than their home's alleged March 2008 appraised value of $875,000, and not even half of its alleged value at the time of the fire.[11]

While Louisiana law imposes a duty on insurance agents to supply their customers with correct information, and they can be liable for negligent misrepresentation when they provide incorrect information which causes damage to an insured, the plaintiffs have not presented any evidence to find an affirmative misrepresentation of the terms of the policy made by the agency defendants.[12] Assuming the plaintiffs did rely on an assurance by the agency defendants that they were "sufficiently covered" and "had nothing to worry about", these purported assurances are clearly ambiguous

---

[10] Plaintiffs' 2010 policy also included Extended Dwelling Coverage which increased the available dwelling coverage limit by 25% in the event of a total loss.  See record document number 20-1, Feucht Policy (pages) 6 and 33.

[11] In 2008 at least, the plaintiffs mistakenly concluded that the total of all coverages was the amount of the coverage for their home: "Upon receiving our initial policy, we noted that the coverages added up to more than $875,000.00 and were satisfied that our home was sufficiently covered."  Record document number 13-1, Exhibit 1, Julie Feucht Affidavit, ¶ j; *Id.*, Exhibit 2, Gerald Feucht Affidavit, ¶ j.

[12] *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, 10 (E.D. La. July 21, 2006).

9

and do not reasonably indicate that coverage for the full appraised value was in effect.[13]  But more importantly, because the policy declaration page clearly showed that the dwelling coverage was less than even the 2008 appraised value, the plaintiffs' reliance in 2009 or 2010 on any such assurance by the agency defendants would have been unreasonable as a matter of law.  Thus, the plaintiffs have failed to establish a reasonable possibility of recovery against the agency defendants under Louisiana law.

Because the agency defendants have been improperly joined, diversity jurisdiction exists in this case and the plaintiffs' Motion to Remand should be denied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Gerald Feucht and Julie Feucht be denied.

Baton Rouge, Louisiana, January 30, 2012.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Record document number 13-1, Exhibit 1, Julie Feucht Affidavit, ¶ m and o; *Id.,* Exhibit 2, Gerald Feucht Affidavit, ¶ m and o.